Robert G. COATS, Appellant,

v.

Natalie K. FINN, Appellee.

No. S–2556.

Supreme Court of Alaska.

May 19, 1989.

Rehearing Denied Sept. 18, 1989.

Robert H. Wagstaff, Wagstaff, Pope & Clocksin, Anchorage, for appellant.

John Reese & Sharon L. Gleason, Reese, Rice & Voland, Anchorage, for appellee.

Before BURKE, COMPTON and MOORE, JJ.

OPINION

BURKE, Justice.

This case involves an interpretation of Alaska's Civil Rule 90.3 (Rule 90.3), governing awards for child support. Specifically, the issue is whether the formula established by the rule should be strictly applied given the particular circumstances of the case.

Robert G. Coats and Natalie K. Finn were married in 1977. They have two chil-

dren, Emily and Alexander. Finn filed for divorce on May 30, 1986. The parties agreed on all issues except the amount Coats should pay for Alexander's support.

By agreement, Emily spends alternate weeks with each of her parents. Her expenses are shared equally. Alexander lives with Finn. He spends only two evenings during alternate weeks with Coats.

The parties suggested alternative methods whereby Coats' child support obligation might be computed. Using Finn's methods, the amount Coats should pay is at least $1,000 per month.[1] Using Coats' formula, the amount is $500. The trial court was persuaded by Finn's argument and ordered Coats to pay for Alexander's support the amount of $1,000 per month.[2] This appeal followed.

Coats and Finn are employed by the State of Alaska. Each has an adjusted annual income which exceeds the $60,000 cap found in subsection (c)(2) of Rule 90.3.[3] In addition to his salary, Coats has significant income derived from stock market investments.

As a preliminary matter, Coats argues that it was error for the trial court to include his investment income when calculating his support obligation under the rule, claiming that such income is too speculative to be properly considered. Rule 90.3, however, provides that the non-custodial parent's adjusted annual income must include income *from all sources*, and there is substantial evidence in the record that Coats consistently receives additional income from his investments. Based on the record as a whole, we cannot say that the trial court abused its discretion on this point. *Houger v. Houger*, 449 P.2d 766, 771 (Alaska 1969).

Coats next contends that since both parties have substantial and relatively equal incomes, and share equally Emily's custody and her expenses, the $1,000 per month child support award for Alexander is unreasonable.[4]

Rule 90.3 does not abrogate the general rule that a non-custodial parent is obligated to contribute only a fair share of the amount required to meet the reasonable needs of the parties' minor children.[5]

---

1. Finn proposed two methods of calculating Coats' support obligation, both of which resulted in an award of at least $1,000. The first method treated Alexander as if he were an only child, because Emily's custody and expenses were split equally. Use of the formula for one child found in subsection (a)(2)(A) of Rule 90.3, resulted in an award of $1,000 (.20 × $5,000). The second method looked at the total time spent by both children with each parent, essentially 75% with Finn and 25% with Coats. This resulted in an award of $1,350 (.27 × $5,000).

2. It is unclear from the trial court's findings which of Finn's suggested methods the court adopted. In denying Coats' request for reconsideration, the trial court stated only that it "adopted as [its] own the Plaintiff's argument and analysis on the child support amount issue." However, it appears the court accepted the suggestion that the calculation should be made as if Alexander were an only child. In any event, either approach would have resulted in an award of at least $1,000. *See supra* note 1.

3. Rule 90.3(c)(2) states that the formula used under the rule to calculate a parent's child support obligation does not apply

   to the extent that the parent has an adjusted annual income of over $60,000. In such a case, the court may make an additional award

only if it is just and proper, taking into account the needs of the children, the standard of living of the children and the extent to which that standard should be reflective of the supporting parent's ability to pay.

4. Rule 90.3(a), Alaska R.Civ.P. provides in pertinent part:

   A child support award in a case in which one parent is awarded sole or primary physical custody will be calculated as an amount equal to the adjusted annual income of the non-custodial parent multiplied by a percentage specified in subparagraph (a)(2).

   ....

   (2) The percentage by which the non-custodial parent's adjusted income must be multiplied in order to calculate the child support award is:

   (A) 20% (.20) for one child;
   (B) 27% (.27) for two children.

5. As noted in the Report of the Child Support Enforcement Commission to Governor William J. Sheffield, October 1, 1985:

   Above the subsistence level, economists agree that the "cost" of raising a child depends on the level of household income; as income increases additional expenditures are made for the benefit of all family members, including children as well as adults. Recent work

*Cf. Matthews v. Matthews,* 739 P.2d 1298, 1299 (Alaska 1987) ("A parent is obligated both by statute and at common law to support his or her children."); *Hunt v. Hunt,* 698 P.2d 1168, 1173 (Alaska 1985) (case remanded to the trial court to specifically identify the reasonable needs of the children). Thus, while Rule 90.3 provides a suitable method for determining a non-custodial parent's support obligation in most cases, there may be times when the calculation required by the rule leads to an unfair result. In clear recognition of this possibility, Rule 90.3(c)(1) provides for variations in child support awards where "good cause" exists.

Under the rule, "good cause" may include any of several enumerated exceptions. Alaska R.Civ.P. 90.3(c)(1)(A) and (B).[6] However, the language of the rule contemplates that the exceptions listed under subsection (c)(1) are not exclusive. As a result, we are not limited in our determination whether other circumstances might constitute "good cause" for departing from the rule's formula.

"Good cause" is a relative term. Its meaning must be determined by the context in which it is used and the nature of the action and procedures involved. *Wray v. Folsom,* 166 F.Supp. 390, 394 (W.D.Ark. 1958). In the present context, when a party demonstrates that application of the rule's formula will produce an unfair result, common sense dictates that "good cause" exists to depart from the formula. For these purposes, an unfair result is an award which substantially exceeds or falls short of the amount needed to provide for the child's reasonable needs.

Further, "good cause" may be present when application of the formula produces a result which requires the non-custodial parent, unreasonably, to contribute substantially more or less than his or her fair share of the amount needed to satisfy the child's reasonable needs. In other non-enumerated cases, factors may exist which would establish "cause" for varying an award as calculated using the formula.

■ Inclusion of a "good cause" exception does not mean, however, that the trial court is free to abandon the formula in every case. Trial courts may depart from the formula only after the most careful scrutiny of the facts in the particular case. When a party objects to application of the formula, a departure therefrom must be based on clear and convincing evidence that manifest injustice would result if the formula were applied. Moreover, the reasons for the departure must be supported by specific findings, and the burden of persuasion is on the objecting party.[7] We do not

by Thomas Espenshade, based on the 1972–73 Consumer Expenditure Survey, offer strong evidence that *consumption* expenditures on children represent a virtually constant proportion of total household consumption expenditures regardless of income level. By relating consumption expenditures to income at various income levels, the central finding can provide the foundation for development of formulas based in whole or in part on proportions of parental income. (Emphasis in original).

6. We note that if the trial court finds that cause exists for varying an award, the trial court "shall consider the custodial parent's income" in determining the varied award. Alaska R.Civ.P. 90.3(c)(1)(A). The custodial parent's income, however, is not in itself an enumerated exception, as it is already factored into the guidelines set forth in (a)(2).

7. In formulating this exception to Rule 90.3, we have taken judicial notice of, and guidance from, the Report of the Child Support Enforcement Commission to Governor William J. Sheffield, October 1, 1985. Among other things, the Commission recommended development of a "presumptive use formula," similar to the formula now found in Rule 90.3, to be used in the establishment and modification of child support orders. The Commission recognized, however, the need for some flexibility in the use of such a formula, stating:

> The Commission recommends presumptive use of the standard, but recognizes the need for its use at the court's discretion. The formula approach is intended to provide information to the parties and attorneys so that child support may be predictable, reasonable, simple to calculate, without prejudice, and reflect the duty of both parents to support their children commensurate with their abilities. *Departures from the formula by the court must be based upon clear and convincing evidence that manifest injustice would result if the standard were applied. The reasons for such a departure must be clearly set forth in the order and based upon specific findings.*

Report at p. III–1 (emphasis added).

intend that the exception become the rule. To the contrary, our holding is meant only to harmonize Rule 90.3 with the prior case law, which requires that the non-custodial parent must contribute a fair share to satisfy the child's reasonable needs. *Hunt,* 698 P.2d at 1173.

■ Turning to the case at bar, the findings of the trial court do not make clear which of Finn's suggested approaches the court adopted in arriving at the $1,000 child support figure.[8] However, either of those methods would support the result, and there is no evidence in the record to indicate that application of the Civil Rule 90.3 formula in this case was improper. In the absence of clear and convincing evidence to the contrary, we are unable to say that the $1,000 award substantially exceeded Coats' fair share of the amount needed to satisfy Alexander's reasonable needs. Since Coats failed to present evidence sufficient to satisfy his burden of proof on this issue, the trial court did not err in ordering him to pay $1,000 per month for Alexander's support.

The decision of the trial court is AFFIRMED.

MATTHEWS, C.J., and RABINOWITZ, J., not participating.