**Glen EPPERSON, Appellant,**

v.

**Tammy EPPERSON, Appellee.**

**No. S–4627.**

Supreme Court of Alaska.

July 31, 1992.

Ernest Z. Rehbock and Jody Brion, Rehbock & Rehbock, Anchorage, for appellant.

Allan Beiswenger, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

### I. FACTS AND PROCEEDINGS

Glen Epperson and Tammy Epperson were divorced in 1985. The court awarded Tammy custody of the parties' minor child, Lacy Lee Epperson, and ordered Glen to pay $300 per month in child support. At the time of the divorce, Glen earned approximately $2,600 per month after taxes.

On March 1, 1991, Tammy moved to modify Glen's child support obligation to conform to Civil Rule 90.3 guidelines. She also alleged that Glen's earnings had increased since the divorce. In response, Glen maintained that he would owe no support at all under the Rule 90.3 guidelines. He argued that his voluntary financial contributions to Tammy since the divorce,[1] coupled with Tammy's low living expenses, constituted good cause for deviating from the Rule 90.3 formula. He also claimed a number of credits under the rule.[2]

Both parties filed financial declarations with the court. Glen's affidavit indicated that he was currently earning $3,017 per month after taxes. Tammy's financial statement showed monthly earnings of $1,703.24. She estimated her monthly expenses at $1,686.

Judge Cranston denied Glen's request for an evidentiary hearing and ordered Glen to pay $813.14 per month in child support. Judge Cranston found that good cause did not exist for deviating from the Rule 90.3 formula. He also denied Glen's request for credits. The order, however, did not specify the effective date of Glen's increased support obligation.

Tammy then sought clarification of the support order under Civil Rule 60(a). She also requested $1,419.15 in attorney's fees pursuant to Civil Rule 82. Glen opposed both requests.

The court awarded Tammy $750 in attorney's fees and clarified its order, making Glen's increased support obligation retroactive to March 1, 1991, the date Tammy's original motion was filed. This appeal followed.

### II. CHILD SUPPORT

Civil Rule 90.3 provides a standard formula for determining a non-custodial parent's child support obligation. The rule recognizes that this formula sometimes leads to unfair results and therefore pro-

---

1. Glen claimed that he contributed over $40,000 in cash, property and services above his total support obligation between 1986 and 1990.

2. These credits included: (1) credit for health insurance; (2) credit for child care; (3) credit for visitation travel expenses; and (4) credit for extended visitation. *See* Alaska R.Civ.P. 90.3(b), (d) & (g).

vides for variations from the rule where 'good cause' exists. Alaska R.Civ.P. 90.-3(c). In *Coats v. Finn*, 779 P.2d 775, 777 (Alaska 1989), we concluded that the good cause exception was not limited to the specific exceptions enumerated in the rule. We held that good cause exists to deviate from the formula when the formula produces an award which substantially exceeds or falls short of the amount needed to provide for the child's reasonable needs. *Id.* We further observed that the burden of persuasion is on the party objecting to the application of the rule. "When a party objects to the application of the formula, a departure therefrom must be based on clear and convincing evidence that manifest injustice would result if the formula were applied." *Id.*

■ Glen's past voluntary contributions in excess of his support obligation do not constitute good cause for reducing his future child support obligation.[3] We have previously recognized that an obligor parent may offset such past contributions against past due child support. *See Arnt v. Arnt*, 777 P.2d 668, 671 (Alaska 1989); *Young v. Williams*, 583 P.2d 201, 203 (Alaska 1978). However, it is contrary to the purpose of Civil Rule 90.3 to offset such contributions against future child support payments except in exceptional circumstances. *See Raczynski v. Raczynski*, 558 P.2d 425 (Okla.Ct.App.1976) (holding that a father's overpayments of support in the past justified an equitable adjustment of his future support obligation where the parents had specifically agreed that these overpayments were to constitute prepayment of child support and honoring this agreement would not affect the well-being of the minor child).

**3.** Glen does not appeal the court's calculation of his annual adjusted income.

**4.** The only disputed claim of legal significance is Glen's claim that Tammy has unusually low living expenses. A custodial parent's low living expenses may in some cases justify deviating from the Rule 90.3 formula. Alaska R.Civ.P. 90.3(c)(1)(A). However, Glen failed to set forth specific facts substantiating his bare claim that Tammy's expenses are extremely low. Glen based his claim on his belief that Tammy is living rent free and has no child care expenses.

On the record presented, it is clear that the court did not abuse its discretion in ruling that the 'gifts' Glen made to Tammy could not be credited against his child support obligation. Glen does not claim that he and Tammy agreed that his contributions were to constitute prepayment of future child support.

■ Because Glen failed to establish that there was any genuine issue of material fact before the court,[4] the trial court properly determined Glen's child support obligation under Civil Rule 90.3 without an evidentiary hearing. *See Estate of Miner v. Commercial Fisheries Entry Comm'n*, 635 P.2d 827, 834 (Alaska 1981) (quoting *NLRB v. Bata Shoe Co.*, 377 F.2d 821, 826 (4th Cir.) *cert. denied*, 389 U.S. 917, 88 S.Ct. 238, 19 L.Ed.2d 265 (1967)) (holding that "there is no requirement, constitutional or otherwise, that there be a hearing in the absence of substantial and material issues crucial to [the] determination"); *see also Deivert v. Oseira*, 628 P.2d 575, 578 (Alaska 1981) (holding that in a modification of custody proceeding, a hearing is only warranted when there is a prima facie showing of a change in circumstances).

## III. EFFECTIVE DATE

■ The trial court did not specify an effective date for Glen's increased child support obligation in its first order. Glen objects to the court's order clarifying this omission, claiming that such an order constitutes a retroactive modification of support. Glen's argument is without merit. Civil Rule 90.3(h)(2) clearly provides that a modification order made effective on the date the original motion was served is not retroactive.

Tammy filed a financial declaration and a Child Support Guidelines Affidavit with the court, claiming a net monthly income of $1,703.24 and monthly expenses of $1,686. Glen did not specifically dispute any of her listed expenses. In the summary judgment context, we have held that generalized allegations of factual issues do not create an issue of material fact. *O'Neill Investigations v. Illinois Employers Ins. of Wausau*, 636 P.2d 1170, 1173 (Alaska 1981). Therefore, the trial court properly determined that Glen was not entitled to a hearing.

## IV. ATTORNEY'S FEES

■ Finally, the trial court properly awarded Tammy attorney's fees pursuant to Civil Rule 82. *See Patch v. Patch*, 760 P.2d 526, 530 (Alaska 1988) (holding that attorney's fees in modification of child support proceedings are properly determined under Civil Rule 82). The trial court's determination that Tammy was the prevailing party for purposes of its Rule 82 attorney's fee ruling was not erroneous.

AFFIRMED.[5]

---

**5.** We have reviewed Glen's other assertions of error and conclude that they lack merit.