**Lynis WRIGHT, f/k/a Lynis Gregorio, Appellant,**

v.

**James GREGORIO, Appellee.**

No. S–4885.

Supreme Court of Alaska.

July 16, 1993.

Kathy J. Keck and Carol Daniel, Alaska Legal Services Corp., Fairbanks, for appellant.

No appearance for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MOORE, Chief Justice.

### I. INTRODUCTION

In this divorce case, the trial court directed Lynis Wright to pay James Gregorio $50.00 per month for child support. Wright asserts that because she and Gregorio share physical custody of their daughter, the trial court's award of support is erroneous. We reverse.

### II. FACTS AND PROCEEDINGS

James Gregorio and Lynis Wright obtained a divorce in 1991. Judge Niesje J. Steinkruger awarded the couple joint legal custody of their then three-year-old daughter, Keri. Though Gregorio received primary physical custody, Judge Steinkruger awarded Wright substantial visitation rights, allowing her to have Keri from Wednesday at 5:00 PM to Thursday at 8:00 AM each week, from Friday at 5:00 PM through Monday at 8:00 AM on alternate weekends, and for six weeks in the summer. During the six weeks that Wright has Keri over the summer, Judge Steinkruger awarded Gregorio reciprocal weekend visitation rights, on the same schedule that Wright has at other times. Judge Steinkruger directed Wright to make monthly child support payments of $50.00. Earlier in the proceedings, the judge re-

marked that "[f]inancially both parents are able to meet this child's physical needs" and noted without comment her disagreement with the Custody Investigator on this issue. Otherwise, she gave no explanation for the child support award.

Wright moved to amend the judgment, arguing that because the judgment directed that Keri reside with her at least 30 percent of the year, the court should have calculated child support according to the formula for shared physical custody under Alaska Civil Rule 90.3(b). Judge Steinkruger found that Wright indeed had custody of Keri 38.9 percent of the time, but nonetheless denied Wright's motion to change the child support award. Wright appeals.

## III. DISCUSSION

■ A parent has shared physical custody of children if they "reside with that parent for a period specified in writing of at least 30 percent of the year, regardless of the status of legal custody." Alaska R.Civ.P. 90.3(f). In such a circumstance, the trial court must calculate child support using the shared physical custody formula of Civil Rule 90.3(b), rather than the sole custody formula of Rule 90.3(a).

The court cannot deviate from this formula except "for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied." Alaska R.Civ.P. 90.-3(c)(1). In addition, the judge must explain in writing "the reason for the variation, the amount of support which would have been required but for the variation, and the estimated value of any property conveyed instead of support calculated under the other provisions of this rule." *Id.*

Good cause for deviating from a Rule 90.3 calculation includes a finding that the obligor spouse's income is below the poverty level. Alaska R.Civ.P. 90.3(c)(1)(B). However, a parent who owes support but whose income is below the poverty level must pay a minimum of $50.00 a month. *Id.* This minimum monthly payment is mandatory, regardless of whether the Rule 90.3 analysis yields a lower figure, and even if the court does no examination for good cause. *See* Rule 90.3 cmt. VI.C.[1] However, the express language of section (c)(1)(B) provides that if the shared physical custody formula is applicable and results in a smaller payment, then the obligor parent owes the smaller amount.[2]

■ Because Judge Steinkruger failed to make explicit findings as to the income of each party and how she calculated it, we cannot determine whether her award of child support was proper under Rule 90.3. In addition, she failed to set out the Rule 90.3 calculations themselves. Adequate findings of fact on such matters are essential, so that a reviewing court may clearly understand the grounds on which the lower court reached its decision. *Adrian v. Adrian*, 838 P.2d 808, 811 (Alaska 1992). Judge Steinkruger's only comment as to the incomes of the parties was a cursory remark that Gregorio and Wright each had the financial means to meet Keri's needs. We recently held that "mere references to the parties' relative financial positions fail to provide the raw numbers necessary for a Civil Rule 90.3 calculation." *Id.* at 812. Therefore, we must remand this case for additional factual findings.

■ Nonetheless, the award itself gives a strong indication of Judge Steinkruger's

**1.** Read literally, the text of Rule 90.3(c) directs a $50.00 minimum monthly obligation only when the court departs from a higher figure calculated under Rule 90.3(a) or (b), and not when the formula of either paragraph (a) or paragraph (b) itself yields a figure lower than $50.00. However, the commentary to Rule 90.3 supports the reading that we have adopted: "Even if the obligor has an income of less than the poverty level, or no income at all, a minimum support of $50.00 per month applies." Cmt. VI.C. An examination of the rule's history shows that the

drafters intended to set up a minimum support obligation, on the grounds that a parent could satisfy this debt from his or her permanent fund dividend or from an AFDC disbursement.

**2.** According to the commentary on Rule 90.3(c), "[t]he minimum level may be reduced ... under 90.3(b) based on the offset of the other parent's support obligation." Cmt. VI.C. The rule history indicates that the drafters intended such a result.

calculations. Most likely, Judge Steinkruger calculated Wright's support obligation as though Gregorio had sole physical custody, used the formula provided in Civil Rule 90.3(a), determined that Wright's income was below poverty level, and assessed her the $50.00 minimum monthly obligation. However, Wright has physical custody of Keri 38.9 percent of the year, and therefore has shared physical custody of her. Thus Judge Steinkruger should have used the shared custody formula of Civil Rule 90.-3(b),[3] unless either party presented clear and convincing evidence that the formula's application would have led to manifest injustice, such that a variation in the award under Rule 90.3(c) would be proper.

We REVERSE and REMAND the superior court's decision for specific factual find-

---

**3.** We offer the following sample calculation as a guide. At the outset, we note that Judge Steinkruger made no express findings of fact regarding the incomes of the parties. Though we are using figures from the child support affidavits that Wright and Gregorio provided, we do so for purposes of illustration only. We do not reach the question of whether these figures accurately state the income of each party.

To determine child support obligations under the *shared* custody formula set out in Civil Rule 90.3(b), one first calculates what each parent would owe if the other parent had *sole* physical custody. Under the sole custody formula, a child support award is calculated by taking a parent's annual income—less certain adjustments for mandatory deductions, child care, and support payments from previous marriages—and multiplying it by a percentage figure that varies according to the number of children. *See* Alaska R.Civ.P. 90.3(a).

According to the child support guidelines affidavit that Gregorio submitted to the court, his gross income is $28,006.67, after correction of a minor mathematical error. Subtracting deductions results in an adjusted gross income (AGI) of $22,940.67. Finally, one multiplies Gregorio's AGI by 20%, the percentage set out for a couple with one child, Alaska R.Civ.P. 90.-3(a)(2)(A), to arrive at an annual support award of $4,588.13. Therefore, if Wright had sole custody, Gregorio would owe her $4,588.13 per year.

Next, the court repeats these calculations for Wright. Her gross income is $3,353.00, and her AGI after deductions is $2,557.40. Thus, her child support obligation under the normal calculations of Civil Rule 90.3(a) would be $2,557.40 × .20, or $511.48 per year.

The poverty income guideline for one person in Alaska was $8,290 in 1991. Annual Update of the HHS Poverty Income Guidelines, 56 Fed. Reg. 6859, 6860 (1991). Very recently, the U.S. Department of Health and Human Services increased this figure to $8,700 for 1993. Annual Update of the HHS Poverty Guidelines, 58 Fed. Reg. 8287, 8288 (1993). Wright's gross income of $3,353 is below the poverty level. Therefore, if Gregorio had sole physical custody, then Wright's obligation would be $600 per year, even though the normal Rule 90.3(a) calculations would result in a smaller amount. *See* Alaska R.Civ.P. 90.3(c)(1)(B) & cmt. VI.C; *supra* note 1.

Next, to figure out a child support award in a shared custody case, one takes the amount of each parent's obligation if the other had sole custody, and multiplies this figure by the percentage of time that the other parent has physical custody of the children. Alaska R.Civ.P. 90.3(b)(1)–(2). However, if the court finds that the percentage of time each parent has physical custody does not accurately reflect the ratio of funds that each parent will directly spend on supporting the children, then the court shall vary the percentage to reflect its findings. *Id.* For Gregorio, this formula yields the following result:

$4,588.13 × .389 = $1,784.78

For Wright, the results are as follows:

$600 × .611 = $366.60

Finally, one takes the resulting two figures, and assesses the parent with the larger figure child support. The amount of support is the difference between the two figures multiplied by 1.5. *See* Alaska R.Civ.P. 90.3(b)(3). However, if the resulting figure is higher than the amount of support that would be calculated under paragraph (a) assuming sole or primary custody, then the annual support is the amount calculated under paragraph (a). *Id.* Here, $1,784.78 > $366.60, so Gregorio owes Wright child support. His total annual support obligation, absent variance based on a finding of good cause, is as follows:

($1,784.78 − $366.60) × 1.5 = $2,127.27 per year

Civil Rule 90.3(b)(4) governs whether Gregorio must pay his child support in a lump sum or in installments:

The child support award is to be paid in 12 equal monthly installments *unless shared custody is based on the obligor parent having physical custody for periods of 30 consecutive days or more.* In that case, the total annual award will be paid in *equal installments over those months in which the obligor parent does not have physical custody.*

(Emphasis added). Under the current visitation schedule, Gregorio, the obligor parent, never has custody of Keri for 30 consecutive days or more. Therefore, under the income figures that the parties provided in their child support affidavits, Gregorio would owe child support in 12 monthly installments of $177.27.

ings on the income of the parties, for findings on the calculation of the parties' child support obligations under Civil Rule 90.3, and for proceedings consistent with this decision.[4]

**4.** During the appeal, the trial court apparently ordered that Wright have no overnight visits with Keri for at least 60 days. If this order has the effect of reducing Wright's total visitation time below 30% for the year, then Gregorio would have sole physical custody. Nonetheless, Judge Steinkruger still would have to provide findings as to her reasoning.