Jacqueline Ann WAGGONER, Appellant,

v.

Steven J. FOSTER, Appellee.

No. S–6522.

Supreme Court of Alaska.

Nov. 9, 1995.

---

Fleur L. Roberts, Law Offices of Fleur L. Roberts, Fairbanks, for Appellant.

Patrick T. Brown, Law Offices of Patrick T. Brown, Fairbanks, for Appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

COMPTON, Justice.

Jacqueline Ann Waggoner appeals the superior court's denial of her motion to modify the parties' divorce decree. We reverse.

Steven Foster and Jacqueline Ann Waggoner were divorced in November 1990. At that time they agreed Steven could claim their five children as dependents for income tax purposes. This term was not included in the court's findings of fact, due to an oversight by Steven's attorney.

Steven claimed the children as dependents from 1990 to 1994. After Jacqueline protested, Steven moved to modify the divorce decree to make the dependency claim in his favor explicit. In granting his request, the court noted that "this issue was part of the negotiated settlement, omitted from the [f]indings by error, and honored by the parties since their divorce."

Jacqueline moved for a further modification, claiming a change of circumstances. Jacqueline argued that at the time of the divorce, when she received welfare benefits and Steven earned in excess of $50,000 annually, it was in the children's best interest to allow Steven to claim the children as dependents. *See* Alaska R.Civ.P. 90.3(a). Howev-er, by 1994 Jacqueline had taxable income and no longer received welfare benefits. As a result, Jacqueline maintained that "[b]y awarding [her] the benefit of the tax deduction, the children's welfare would be directly enhanced by the greater saving to [Jacqueline's] household." The court denied Jacqueline's motion, stating only that the matter was governed by its earlier modification order in Steven's favor.

We have held that in making child support determinations under Civil Rule 90.3, the trial court must provide "[a]dequate findings of fact ... so that a reviewing court may clearly understand the grounds on which the lower court reached its decision." *Wright v. Gregorio,* 855 P.2d 772, 773 (Alaska 1993). Here the court failed to provide such findings. The court denied Jacqueline's motion to modify without addressing her assertion that it was no longer in the children's best interest to allow Steven to claim them as dependents. While it might have been appropriate to modify the decree to reflect the parties' actual agreement, it was also incumbent on the court to consider whether circumstances affecting the best interests of the children had changed over the intervening four years.

The superior court's judgment is REVERSED and the case is REMANDED for findings regarding whether the existence of changed circumstances affecting the best interests of the children mandates reallocation of the dependency exemptions. If necessary, the court should also recalculate the parties' child support obligations, as mandated by Civil Rule 90.3. *See id.* at 773–75.