**Judy A. BERKBIGLER, Appellant,**

v.

**Randall BERKBIGLER, Appellee.**

No. S–7222.

Supreme Court of Alaska.

Aug. 2, 1996.

---

Mary–Ellen Zalewski, Anchorage, for Appellant.

Jennifer L. Holland and Max F. Gruenberg, Jr., Gruenberg and Clover, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

Judy Berkbigler appeals the superior court's denial of her motion to modify a child support award. We reverse.

## II.  FACTS AND PROCEEDINGS

Judy Berkbigler and Randall Berkbigler were divorced in December 1988. Judy was awarded sole custody of the parties' two children, and Randall was ordered to pay child support of $545 per month. Randall, who is in the Air Force and was stationed in Hawaii at the time of the divorce, was also made responsible for the costs of transporting his children for visitation. In 1991 Randall was transferred to Abilene, Texas. The support award was thereafter increased to $676.

In 1994 Randall was transferred from Texas to Mildenhall, England. After Randall moved to England, Judy asked the Child Support Enforcement Division (CSED) to review the support award. CSED found that Randall's adjusted annual income was $38,-282. Applying Alaska Civil Rule 90.3 guidelines, CSED calculated Randall's monthly support obligation to be $861 per month.

Judy filed a motion to modify the support award; Randall opposed. Although Randall calculated his child support obligations under Rule 90.3 to be $928 per month, he argued against any increase in the support award. Randall asserted that the cost of living in England was so much higher than the cost of living in the States that his income had not really increased.

The superior court denied Judy's motion: Defendant's costs seem to have remained the same as Alaska, but the costs of transporting his children for visitation have gone *up*. Since Defendant is required to pay the *entire* visitation costs, it would be *manifestly unjust* for the children to miss

visitation, simply because Mr. Berkbigler has a temporary increase in COLA due to being in England. Therefore, Mr. Berkbigler *shall* continue to pay 100% of his children's transportation costs for visitation, *and* his child support will remain at $676.00 per month. If Defendant *fails* to exercise his visitation the court will reconsider raising his obligation upon a motion being filed.

On reconsideration, the superior court affirmed its decision:

The children have no greater cost, but Mr. Berkbigler is recognized as having greater costs of living by his ... employer. The court's previous ruling shall stand. Mr. Berkbigler's income increased primarily because of his overseas housing allowance and the cost of living allowance, which was given to him due solely to his assignment.

Judy appeals.

## III.  DISCUSSION

A child support award may be modified upon a showing of a material change in circumstances. Alaska R. Civ. P. 90.3(h)(1). "A material change of circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order." *Id.* To calculate support in a sole custody case, the superior court must first determine the adjusted annual income of the non-custodial parent. *See* Alaska R. Civ. P. 90.3(a)(1).[1] This figure is then multiplied by a fixed percentage, depending on the number of children involved. Alaska R. Civ. P. 90.3(a)(2).[2]

1.  Alaska Civil Rule 90.3(a)(1) provides:

(a) **Guidelines—Sole or Primary Physical Custody.** A child support award in a case in which one parent is awarded sole or primary physical custody ... will be calculated as an amount equal to the adjusted annual income of the non-custodial parent multiplied by a percentage specified in subparagraph (a)(2).

(1) Adjusted annual income as used in this rule means the parent's total income from all sources minus:

(A) mandatory deductions such as federal income tax, social security tax, mandatory retirement deductions and mandatory union dues;

(B) child support and alimony payments arising from prior relationships which are re-

quired by other court or administrative proceedings and actually paid;

(C) child support for children from prior relationships living with the parent, calculated by using the formula provided by this rule; and

(D) work related child care expenses for the children who are the subject of the child support order.

2.  Alaska Civil Rule 90.3(a)(2) provides:

(2) The percentage by which the non-custodial parent's adjusted income must be multiplied in order to calculate the child support award is:

(A) 20% (.20) for one child;

(B) 27% (.27) for two children;

(C) 33% (.33) for three children; and

(D) an extra 3% (.03) for each additional child.

The superior court may vary a support award calculated under Rule 90.3 only "for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied." Alaska R. Civ. P. 90.3(c)(1); *see also* Alaska R. Civ. P. 90.3 Commentary I.C. ("The support guidelines in the rule may be varied only as provided by paragraph (c) of the rule."). Good cause includes, *inter alia*, "extraordinary expenses . . . which require variation of the award in order to award an amount of support which is just and proper for the parties to contribute toward the nurture and education of their children." Alaska R. Civ. P. 90.3(c)(1)(A). If the court varies the award, it must explain in writing "the reason for the variation, [and] the amount of support which would have been required but for the variation. . . ." Alaska R. Civ. P. 90.3(c)(1).

■ The superior court in the present case failed to make explicit findings as to Randall's adjusted annual income and failed to specify the amount of support required under Rule 90.3(a). Further, the court failed to make specific findings in support of the reasons found to constitute good cause—increased airfare for visitation and/or increased living costs. Specific findings are needed so that these reasons can be reviewed on appeal. We therefore remand for additional factual findings. *See Gallant v. Gallant,* 882 P.2d 1252, 1255 (Alaska 1994) ("A trial court is required to make specific findings to support a determination of adjusted income under Civil Rule 90.3."); *Wright v. Gregorio,* 855 P.2d 772, 773 (Alaska 1993) ("Adequate findings of fact [under Rule 90.3] are essential, so that a reviewing court may clearly understand the grounds on which the lower court reached its decision."); *accord Waggoner v. Foster,* 904 P.2d 1234, 1235 (Alaska 1995); *see also Adrian v. Adrian,* 838 P.2d 808, 812 (Alaska 1992) ("[M]ere references to the parties' relative financial positions fail to

provide the raw numbers necessary for a Civil Rule 90.3 calculation.").

■ Randall makes several arguments in this appeal which can be disposed of prior to remand. First, he argues that his Cost of Living Allowance (COLA) and Overseas Housing Allowance (OHA) should not be included in his adjusted annual income because they are only "temporary" increases in income. This argument is without merit. *See* Alaska R. Civ. P. 90.3(a)(1) ("Adjusted annual income as used in this rule means the parent's total income from all sources."); Alaska R. Civ. P. 90.3 Commentary III.A.29 (Income includes "Armed Service Members base pay plus the obligor's allowances for quarters, rations, COLA and specialty pay.").

■ Randall also argues that an increase in the support award is not warranted because the children's needs are being met at the current level of support. This argument runs counter to the premise of Rule 90.3, which "operates on the principle that as the income available to both parents increases, the amount available to support the children also will increase." Alaska R. Civ. P. 90.3 Commentary II; *see Coats v. Finn,* 779 P.2d 775, 776–77 n. 5 (Alaska 1989) (quoting with approval Report of the Child Support Enforcement Commission to Governor William J. Sheffield, October 1, 1985) (" '[A]s income increases additional expenditures are made for the benefit of all family members, including children as well as adults.' "). An obligor parent who experiences an increase in income cannot avoid paying additional support merely by showing that the children's needs are being met by an existing support award.[3]

■ Randall details his and Judy's expenses to support his argument that he is already paying his "fair share." However, simply because Randall has significant debts does not, by itself, mean that the award amount should be reduced. *See* Alaska R. Civ. P. 90.3 Commentary VI.B.5 ("Prior or

**3.** Different considerations apply if the obligor parent has an adjusted annual income in excess of $72,000. *See* Alaska R. Civ. P. 90.3(c)(2) ("Paragraphs (a) and (b) [of Rule 90.3] do not apply to the extent that the parent has an adjusted annual income of over $72,000. In such a case, the court may make an additional award

only if it is just and proper, taking into account the needs of the children, the standard of living of the children and the extent to which that standard should be reflective of the supporting parent's ability to pay."); *see, e.g., Moore v. Moore,* 893 P.2d 1268, 1270 (Alaska 1995).

subsequent debts of the obligor, even if substantial, normally will not justify a reduction in support."). It is true, as Randall notes, that we have held Rule 90.3 "does not abrogate the general rule that a non-custodial parent is obligated to contribute only a fair share of the amount required to meet the reasonable needs of the parties' minor children." *Coats v. Finn,* 779 P.2d at 776. But what Randall fails to appreciate is that Rule 90.3 presumes the non-custodial parent's "fair share" is the amount fixed by its guidelines. *See* Alaska R. Civ. P. 90.3 Commentary II ("Applications of the rule should result in a non-custodial parent paying approximately what the parent would have spent on the children if the family was intact."). For Randall to rebut this presumption, he must show that his expenses are "extraordinary." *See* Alaska R. Civ. P. 90.3(c)(1)(A).

 Finally, we note that any adjustment in support based on travel expenses should be based only on an *increase* in travel expenses over what Randall was already obligated to pay under the earlier decree. Randall cannot be credited with the entire cost of travel to England, since he was already obligated to pay for visitation within the United States, most recently in Abilene, Texas. Given the fluctuations in airfares and the expressed concern that Randall may not exercise overseas visitation, the most efficient approach, if an adjustment is to be made, would be to permit a direct child support credit for the difference between the fares to England and to Texas, once the tickets have been purchased.

## IV. *CONCLUSION*

Alaska Civil Rule 90.3 establishes a method for determining child support awards. The superior court did not follow this method. We REVERSE and REMAND the superior court's decision for calculation of a support award in accordance with the guidelines of Rule 90.3. We retain jurisdiction. The parties have until fifteen days after the superior court enters its findings on remand

to move for an order permitting supplemental briefing before this court.