**Robert Patrick KELLY, Appellant,**

v.

**Lisa Ann KELLY, Appellee.**

No. S–7376.

Supreme Court of Alaska.

Nov. 22, 1996.

William T. Ford, Anchorage, for Appellant.

James J. Hanlon, Taylor & Hanlon, P.C., Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

*OPINION*

MATTHEWS, Justice.

I. *FACTS & PROCEEDINGS*

Robert and Lisa Kelly were married on May 3, 1992. Both were long time residents of Dutch Harbor. The only child of the marriage, Ryan Patrick Kelly, was born on December 18, 1992.

Robert filed for divorce in May 1994. He requested sole custody of Ryan or, in the alternative, joint physical and legal custody.

Robert currently works as a longshoreman and earns over $60,000 per year. Lisa's employment has been sporadic and significantly less remunerative. Following the divorce, Robert intends to remain in Alaska, while Lisa intends to move out of state.

Trial in this case was held for three days. On September 6, 1995, Judge Card issued revised findings of fact and conclusions of law regarding child custody and visitation. Judge Card found that Robert and Lisa both are "good parents." He also found that Lisa cannot, consistent with her current lifestyle, provide Ryan with a stable home. On September 6, 1995, the superior court issued the following custody order:

Until Ryan begins Kindergarten [approximately three years after the trial

date], he shall reside with each parent for alternating six month periods, beginning with the father, Robert Kelly, on July 1, 1995, and extending through Christmas of 1995 until approximately December 31. At that time, and provided Lisa Kelly has established a stable environment in which to care for Ryan, her six months visitation shall commence. . . .

. . . .

After Ryan begins Kindergarten, and if the parents are living greater than 200 miles apart and provided Lisa Kelly can provide Ryan with a stable environment, then Lisa Kelly shall [have custody except during the Christmas break, spring break, and the summer months].

The superior court also ordered Robert to pay $10,000 of Lisa's $13,418.65 in outstanding attorney's fees. Robert contests the superior court's decisions regarding child custody and attorney's fees.

## II. DISCUSSION

### A. Divided Custody

Although some courts have awarded divided physical custody, those cases, in contrast to the situation in this case, typically involve parents who reside in the same community.[1] Where parents reside in different parts of the country, an award of divided physical custody may foreclose "a stable environment and the development of permanent associations. . . ." John P. McCahey et al., *Child Custody and Visitation Law and Practice*, § 13.04(2)(1993). Against this backdrop, Robert argues that the divided custody

award in this case was an abuse of the court's discretion.

■ Although we regard the question as close, we do not find an abuse of discretion on this record. No evidence was presented that the arrangement was likely to prove harmful to Ryan. Robert requested divided custody, in preference to primary custody in Lisa. Finally, divided custody will terminate when Ryan reaches school age.[2]

### B. Permanent Custody

■ Robert argues that the superior court erred in ordering that when Ryan enters school Lisa will have custody during the school year and Robert will have custody during the summer months. A review of the superior court's findings and conclusions reveals certain findings which could be regarded as a basis for preferring Robert as primary custodian (greater stability, presence of extended family network in Dutch Harbor), a number of findings which apply equally to Robert and Lisa, but no findings which support the court's award of primary custody to Lisa. Accordingly, the court's award of permanent custody to Lisa after Ryan enters school is vacated and this aspect of the case is remanded. The court is instructed to enter findings supporting the award of primary custody to Lisa, or, if the court determines that its decision cannot be supported on the present record, the court may award primary custody to Robert, or conduct such additional proceedings as the court determines to be appropriate. We retain jurisdiction with respect to this issue.

---

1. *See, e.g., Lapp v. Lapp*, 293 N.W.2d 121 (N.D. 1980) (Affirming an alternating six-month arrangement for a seven-year-old girl. The court specifically noted that both parents lived in the same community.); *Beck v. Beck*, 86 N.J. 480, 432 A.2d 63, 69 n. 7 (1981) (Affirming an alternating four-month arrangement. The court stated that the "geographic proximity of the two homes is an important factor" in awarding alternating custody. *Id.* 432 A.2d at 72.); *Peyton v. Peyton*, 457 So.2d 321, 323 (La.Ct.App.1984) (Affirming an order of joint custody in which a four-year-old girl alternated three-month periods with her mother and father. The court noted that the child would benefit from contact with both parents and said the degree of possible disruption to the child would be relatively low since the par-

ents lived across the street from each other.); *In re Marriage of Ryan*, 222 Mont. 188, 720 P.2d 691 (1986) (Affirming an order of joint custody in which the child alternated weeks between the parents' homes. The order also provided that if one parent moved away, the child would remain with the parent who stayed in the community. The order was affirmed, even though the mother wanted to move with the child.).

2. These reasons also lead us to conclude that this is an inappropriate case in which to decide whether to adopt a general presumption disfavoring divided custody when the parents do not reside in the same community.

### C. *Attorney's Fees*

█ The trial court's award of attorney's fees to Lisa accurately recognizes the substantial disparity between the earning capacity and economic situations of the parties. The award was thus in accordance with our cases[3] and was not an abuse of discretion.

### III. *CONCLUSION*

This case is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings in accordance with this opinion.

---

**3.** We have repeatedly stated that the cost and fee awards in a divorce are to be based primarily on the relative economic situations and earning powers of the parties. *See, e.g., Lone Wolf v. Lone Wolf,* 741 P.2d 1187, 1192 (Alaska 1987); *Cooke v. Cooke,* 625 P.2d 291, 293 (Alaska 1981); *Johnson v. Johnson,* 564 P.2d 71, 76–77 (Alaska 1977).