MAASSEN, Justice,
with whom WINFREE, Justice, joins, dissenting.
I respectfully dissent from the court's holding that it was not error to deny an evidentiary hearing on Rene Limeres's motion to modify child support. I believe that Rene presented unrefuted evidence that was sufficient to raise a genuine issue of material fact about whether he had suffered a permanent reduction in his income.[1] He was therefore entitled to a hearing.
When Rene filed the motion to modify, his child support was based on the superior court's $40,000 estimate of his 2011 income. As we described in our 2014 opinion, this estimate was based in large part on Rene's testimony at trial, which conflicted with the relatively modest income of $8,426.82 disclosed by his late-filed income tax return.[2] At an interim eustody hearing Rene had estimated his annual income as $40,000 or "closer to $88,000."[3] At trial he testified "about his 'generation of substantial funds, in the hundreds of thousands of dollars, in terms of book sales, inventory on hand, royalties and guiding fees, and claim[ed] to have provided at least $23,000.00, prior to the parties' separation, for the direct needs of the children over the course of one year.' [4] Rene was "unwilling or unable to provide specifics as to the amount of money he had made in recent years from guiding," but he did give numbers for his book sales, describing one book that "he said had generated between $273,000 and $364,000" in gross revenues; testifying that "the hardcover edition of the same book generated revenue of $22,000 to $29,000"; and identifying two other books that he said "generated as much as $42,000 and $17,000 in revenues respectively." [5] Whatever money Rene may have made from guiding, it is clear that the books-both sales of his own inventory and royalties from sales by others-were a significant source of income that helped justify the superior court's $40,000 estimate.
I agree that Rene's January 2013 motion to modify child support-with which he simply submitted his 2012 income tax return, showing little difference from his reported income in 2011-was inadequate to raise a genuine issue of material fact and entitle him to an evidentiary hearing. But in his January 2014 motion Rene presented a different case.
By affidavit, Rene directly addressed his book-sales fncome source, asserting in straightforward terms that it was no longer viable, He attested that he had "no more big books (Alaska Fishing) left, nor any funds to print more"; that because of damage to his credit rating "borrowing money to print more books is not an option"; and that he "had to 'give away' [his] latest book to a *694 royalty publisher for 10%," a rate he implied was too low to generate any significant income. » I do not agree that these statements of fact with clear financial consequences can be dismissed as "bare assertions ... that fail to create a genuine issue of material fact," as the court does today.[6]
In Ward v. Urling, the "bare assertions or generalized allegations" this court found likely to be insufficient to justify a hearing were characterized as "allegations [that] expressed little more than [the father's] ongoing dissatisfaction with the court's previous factual findifigs pertaining to [the mother's]! income." [7] To support this discussion in Ward we cited Epperson v. Epperson, in which the father claimed that the mother had "unusually low living expenses" justifying a deviation from the Alaska Civil Rule 90.8 child support formula but "failed to set forth specific facts substantiating his bare claim," nor 'did he "specifically dispute" any of the expenses she listed in her financial declaration and Child Support Guidelines Affidavit.[8] Here, in contrast, Rene identified a major source of his past income and explained why it no longer existed;. these are not "bare assertions or generalized . allegations" like those we have found insufficient before. And while Rene's statements 'of fact may be subject to challenge, Amy filed no evidence in opposition, relying largely (as the court does today) on the fact that Rene had attempted modification before without success." [9]
Because Rene's 2011 income was substantially based on the availability of a particular commodity-books-for him to sell, and because he asserted by affidavit that the books were gone and he lacked the funds to print more, he demonstrated a genuine issue of material fact as to whether his income was permanently reduced. This showing entitled him to an evidentiary hearing. I therefore dissent from today's 'opinion affirming the judgment of the superior court.

. Limeres v. Limeres, 320 P.3d 291, 296-97 (Alaska 2014).

. Id.

. Id. at 297 (alteratién in original).

. Id.

. Opinion at 689 (alteration in original) (quoting Ward v. Urling, 167 P.3d 48, 53 n. 18 (Alaska 2007))

. Ward, 167 P.3d at 53 n. 18.

. Id.; Epperson v. Epperson, 835 P 2d 451 453 n. 4 (Alaska 1992).

, Amy countered Rene's claims about lost book-sales income simply by questioning whether he could already have depleted "the entirety of the book inventory" granted him in the division of marital property. Even if this statement from an attorney's memorandum had evidentiary value, it would simply be to highlight a dispute over a highly material issue of fact.