Marvin F. SPOTT, Appellant,

v.

Cheryle Ann SPOTT, Appellee.

No. S–8867.

Supreme Court of Alaska.

Feb. 16, 2001.

Kenneth Kirk, Anchorage, for Appellant.

Maryann E. Foley, Anchorage, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

## I. INTRODUCTION

Marvin Spott appeals the superior court's modification of his child support obligations. Because the trial court should have used actual income to calculate Marvin's retrospective obligation of interim support, we vacate the award of arrearages for the period between December 1, 1995, and July 1, 1997, and remand for recalculation based on actual income.

## II. FACTS AND PROCEEDINGS

Marvin and Cheryle Spott were married in 1962 and separated on March 1, 1994. When Cheryle filed for divorce in September of 1995, two of their five children, Seth and Ethan, were still minors. They resided with Cheryle. In March of 1996 a master of the superior court held a hearing and filed a report concerning, among other things, interim child support. But the master erred in concluding that Seth was not in the physical custody of his mother. Because of this mistake interim child support was ordered only for Ethan. That support was to commence on December 1, 1995, in the amount of $654.20 per month. Marvin's adjusted income for Civil Rule 90.3 purposes was found by the master to be $39,252.33, based on Marvin's 1995 earnings. At the time of the hearing Marvin was unemployed but the master determined that Marvin should be able to obtain work similar to that which he had in 1995. The superior court approved the master's report May 1, 1996, and the

report thus became an order requiring Marvin to pay interim child support.

The case was tried on July 7, 8, 9, and September 12, 1997. The master's mistake regarding Seth's residence was brought to the court's attention and Cheryle requested that an additional $228.98 per month for Seth be paid. The trial court entered findings of fact and conclusions of law on October 21, 1997. In the findings and conclusions the court found that the master had made a mistake and ordered payment of the additional $228.98 per month for Seth for interim support from December 1, 1995, through July 1, 1997. This figure was based on the adjusted income as determined by the master in 1996.

The October 21, 1997, findings and conclusions left two issues unresolved. Marvin owed back child support for the period not covered by the interim order—from the date of separation until December 1, 1995. The trial court ruled that Cheryle was entitled to judgment for back child support for this period and that the amount "will be decided after further submissions of the parties."

Prospective child support—support for both children after August 1, 1997—was also unresolved. The court found that "[c]hild support shall be paid by Marvin F. Spott pursuant to Civil Rule 90.3. Mr. Spott has filed an updated Child Support Guidelines Affidavit with this court (October 13, 1997)." But the trial court did not determine the amount of prospective child support that Marvin should pay. Instead, it ordered:

> Within ten days the parties shall confer and determine whether they can stipulate to a Rule 90.3 calculation. If they cannot do so, each shall provide within five additional days detailed additional findings that include a calculation of those amounts not covered by existing court order(s) and that are consistent with these findings and conclusions.

Neither of the outstanding issues was resolved as promptly as the court contemplated. On November 25, 1997, Cheryle moved for an order establishing pre-December 1, 1995, arrearages. On December 17, 1997, Marvin filed a cross-motion requesting that all arrearages, including those for Seth, after December 1, 1995, be based on his actual income rather than the predicted income figure developed by the master. This cross-motion was not ruled on, at least explicitly. On January 20, 1998, a judgment and decree were entered, but these did not resolve the issues of pre-December 1, 1995, child support or prospective child support. No certificate was issued pursuant to Civil Rule 54(b).

The issue as to pre-December 1, 1995, arrearages was finally resolved by agreement and a judgment against Marvin for those arrearages was entered on April 17, 1998. No certificate pursuant to Civil Rule 54(b) was entered with respect to this judgment. The issue of prospective child support was not resolved until October 27, 1998, when the court ordered that Marvin pay $452.60 per month for the two children beginning August 1, 1997. This was based on a determination that Marvin's adjusted annual income was $20,115.48.

Entry of the child support order on October 27, 1998, resolved the final issue in this case. Meanwhile, on June 24, 1998, Marvin appealed, claiming that the April 17, 1998, judgment was a final appealable judgment.

### III. *DISCUSSION*

■ Marvin's appeal was prematurely brought. A case does not become final and appealable until all claims are resolved.[1] The issue of child support for Ethan and Seth beginning August 1, 1997, and continuing until the support obligation for each should terminate was not resolved until October 27, 1998. This appeal therefore either should have been dismissed with notice that it should be refiled when timely, or it should have been held in abeyance until a final judgment was entered.[2] But since "a party taking an early appeal in circumstances where there is uncertainty as to whether a final judgment exists does not risk losing the

---

1. *See* Alaska R. Civ. P. 54(b).

2. *See Egemo v. Egemo Constr. Co.*, 998 P.2d 434, 441 (Alaska 2000); *Evron v. Gilo*, 777 P.2d 182, 185 (Alaska 1989).

right to appeal,"[3] we will treat this case as if the appeal had been taken after the October 27, 1998, final judgment.

On appeal, Marvin argues that the trial court violated Civil Rule 90.3(h)(2) by retroactively modifying his child support obligation. He also argues that if this court finds the trial court's award of support for Seth permissible, the trial court erred in using Marvin's predicted income, rather than his actual income, to determine the amount he owed.

### A. Standard of Review

This court normally reviews awards of child support for abuse of discretion.[4] This case, however, involves the proper method of calculating child support, which is a question of law, reviewed de novo.[5] In reviewing questions of law, this court will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[6]

### B. The Trial Court's Award of Interim Child Support for Seth Was Not a Retroactive Modification of Child Support.

Marvin claims that the trial court's award of interim child support for Seth constituted a retroactive modification of child support in violation of Civil Rule 90.3(h)(2).[7] Marvin's position is that because the court had already awarded interim child support for Ethan for the period from December 1, 1995, through July 1, 1997, the court could not later award support for Seth for the same period without violating Rule 90.3(h)(2).

In our view the prohibition against retroactive modifications does not extend to cases such as this one where support for one child is not ordered. As to that child there is no child support order and thus no order to retroactively modify.

Whether or not there exists a support order, "[a] parent is obligated both by statute and at common law to support his or her children."[8] Where "no support order is in effect during [the] relevant period, the amount of the obligation must be calculated under Rule 90.3."[9] "[A]pplying Rule 90.3 under these circumstances does not modify any existing arrearage."[10] The superior court in this case correctly determined that there was a support order in effect for Ethan, and no support order for Seth. The superior court's calculation of the interim support Marvin owed Cheryle for Seth could have been expressed in a separate order. The fact that it was combined with the amount already ordered for Ethan is a matter of form rather than substance, and does not violate the prohibition on retroactivity.

Marvin also asserts that if the court was modifying interim child support under Rule 60(b)(1), the court failed to observe the one-year limitation period expressed in that rule. But Rule 60(b) does not apply to interim orders, so this point lacks merit.

Marvin also advances an argument that separate support orders for children within one family are "contrary to the concept of child support in Alaska." He asserts that "all of the children of two parents, should be covered under one support order." While we agree that one support order is standard practice, we know of no reason why separate orders may not properly be issued.

### C. The Trial Court Erred in Using Marvin's Predicted Income to Determine Interim Child Support for Seth.

Marvin next argues that, assuming the trial court's award of interim support for

3. *Evron*, 777 P.2d at 185.

4. *State, Dep't of Revenue, Child Support Enforcement Div. v. Pealatere*, 996 P.2d 84, 86 (Alaska 2000).

5. *See State, Child Support Enforcement Div. v. Bromley*, 987 P.2d 183, 191 (Alaska 1999).

6. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

7. Civil Rule 90.3(h)(2) prohibits the retroactive modification of child support, subject to the exceptions contained in AS 25.27.166(d).

8. *Matthews v. Matthews*, 739 P.2d 1298, 1299 (Alaska 1987).

9. *Benson v. Benson*, 977 P.2d 88, 92 (Alaska 1999).

10. *Vachon v. Pugliese*, 931 P.2d 371, 382 (Alaska 1996).

Seth was proper, the superior court should have used Marvin's actual rather than predicted income.

█ In making retrospective rather than prospective child support awards actual income rather than earlier predictions as to income should be used.[11] When the court awarded retrospective interim support for Seth, the question of prospective child support both for Ethan and Seth was left unresolved. Marvin had filed an updated child support affidavit on October 13, 1997, showing his adjusted yearly income to be $20,814.84. Although the trial court mentioned this affidavit, it neither accepted nor rejected it, leaving the issue as to Marvin's earnings for future resolution. Ultimately, after oral argument and a review of Marvin's actual earnings, the trial court determined that Marvin's adjusted income was $20,115.48 and awarded on-going child support based on this figure, beginning August 1, 1997. Because retrospective support should be based on actual rather than predicted income, and actual income remained for resolution as of the entry of the October 21, 1997, findings and conclusions, we believe that the court erred in failing to defer the question as to the amount of interim support owed for Seth until Marvin's actual income was determined.[12]

## IV. CONCLUSION

For the above reasons, the award of arrearages for Seth between December 1, 1995, through July 1, 1997, is VACATED with directions to recalculate such arrearages based on appellant's actual income for that period.

VACATED and REMANDED.

---

11. *See Crayton v. Crayton*, 944 P.2d 487, 490 (Alaska 1997) (requiring that retrospective support be calculated based on actual income).

12. Not a great deal seems to turn on this point. The marginal child support rate applicable to Seth under Civil Rule 90.3(a) is seven percent. Using the adjusted income figure developed by the master, $39,252.33, this meant that an additional $228.97 per month should have been paid or, over the 20–month period in question, $4,579.40. By contrast, if the adjusted income figure used by the court for prospective support as of August 1, 1997 ($20,115.48) were used, this would mean a monthly obligation of $117.34, or a total arrearage of $2,346.80. Of course, actual earnings during the 20–month period were not necessarily identical to the earnings found by the court to apply as of August 1, 1997.