**NOTICE**

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAEL MANN, JR., | Supreme Court No. S-18307 |
| Appellant, | |
| | Superior Court No. 3AN-21-06036 CI |
| v. | |
| | MEMORANDUM OPINION |
| HANNAH MAUS, | AND JUDGMENT[*] |
| Appellee. | No. 1954 – March 8, 2023 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory A. Miller, Judge.

Appearances: Michael Mann, Jr., pro se, Renton, Washington, Appellant. Notice of nonparticipation filed by Hannah Maus, pro se, Anchorage, Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.    INTRODUCTION

A self-represented father appeals a child support order entered by the superior court after the parents reached a custody agreement. We affirm in part and reverse in part, remanding for further consideration. In particular we conclude: (1) denying the father any deduction for the in-kind support he provides his prior child

---

[*]    Entered under Alaska Appellate Rule 214.

was an abuse of discretion; (2) failing to address the father's objection to a previously agreed-upon allocation of travel expenses was error; (3) the court correctly deducted union dues in calculating prospective support, but because it is unclear why the court did not deduct union dues when calculating past-due support, we remand this aspect of the order for clarification; and (4) issuing a support order based on calculations proposed by opposing counsel was not, in itself, an error.

## II.   FACTS AND PROCEEDINGS

### A.   Facts

Michael Mann has two children:  a younger child whose mother is Hannah Maus and an older child with a different woman, who is now his wife.  Mann, his wife, and the older child currently live together in a single residence in the state of Washington.

### B.   Proceedings

After Maus and Mann separated, Maus filed for custody of their child. Maus and Mann came to an agreement on custody issues.  The agreement provided that Maus would have primary physical and sole legal custody of their child, that Mann would have reasonable visitation with the child, and that Mann would bear the cost of travel to visit the child or for the child to visit him.  The agreement did not set a child support amount, stating only that child support is established in accordance with Alaska Civil Rule 90.3(a), the court rule that governs child support obligations.[1]

Maus's lawyer notified the superior court of the parties' agreement and filed proposed findings of fact and a proposed custody decree.  The lawyer requested a hearing to place the agreement on the record.

At the superior court's request, a magistrate judge held a brief hearing to review the settlement.  Maus appeared telephonically with her lawyer; Mann appeared telephonically and represented himself.  The lawyer briefly questioned both Maus and

---

[1]     Alaska R. Civ. P. 90.3.

Mann. Both parties agreed that they had reviewed the agreement, had time to think about it, and were entering it voluntarily.

The magistrate judge then asked the parties about child support. Maus's lawyer stated that the parties had not discussed or agreed to child support. Maus's lawyer offered to calculate child support according to Rule 90.3 if Mann would send his income-related documents to the lawyer. Mann seemed confused and stated that the agreement listed a child support amount of $50 per month. The magistrate judge noted that a $50 child support figure was often-times used as a "placeholder" figure and that it auto-populates in court forms when there is no parental income information available.[2] The magistrate judge found that the parties had not reached a settlement with respect to child support and that they needed to calculate support pursuant to Rule 90.3.

The magistrate judge then asked Mann if he was willing to provide his financial documents to Maus's lawyer. Mann agreed to do so "if it's necessary," but also indicated that he first wanted to discuss child support with Maus. The magistrate judge said that he did not want to delay resolution for the parties; he instructed Mann to provide his financial documents to Maus's lawyer and instructed Maus's lawyer to conduct the Rule 90.3 calculations "as a courtesy." The magistrate judge concluded that the custody decree would be issued shortly and that the child support issue would be deferred until Mann submitted his documents.[3]

After the hearing, the superior court issued a custody decree adopting the parties' child custody settlement agreement. The court also entered findings of fact and

---

[2]    Fifty dollars is, generally, the minimum required child support payment. Alaska R. Civ. P. 90.3(c)(3).

[3]    The magistrate judge noted that he lacked the authority to sign the custody decree, but he promised that the superior court would promptly review the hearing and sign the decree.

conclusions of law reflecting the custody agreement. As for child support, the court stated it would be "established pursuant to Civil Rule 90.3(a), pending additional filing by [Maus]."

In response to the court's instruction, Mann submitted his W-2 forms for tax year 2021 and four recent pay stubs from his latest employer. Based on these documents, Maus's attorney conducted the Rule 90.3 calculations and submitted them to the court. The attorney, pointing to Mann's job change, calculated two different awards: an interim award (effective from September 2020 to August 2021) and a final award (effective from September 2021 onward).

Mann objected to Maus's child support calculations, arguing: (1) that his income should have been calculated based on his hourly wage (instead of the income amount listed on his pay stubs, which included overtime); (2) that the proposed support amount would leave him unable to afford travel to visit the child; and (3) that he had not received deductions he was entitled to, including for visitation travel expenses, in-kind support of his older child, and union dues. Mann proposed four alternative child support calculations, each supported by its own affidavit.

Maus filed a reply, which addressed only Mann's proposed deduction for in-kind support of his older child. Rule 90.3 allows child-support obligors to deduct, when calculating their income, court-ordered child support payments and in-kind support for prior children in their primary or shared physical custody.[4] Maus argued that this deduction did not cover Mann's situation — a parent who lives with the prior child and the child's mother — because the older child was not in Mann's "primary" or "shared" physical custody according to the Rule's definitions for those terms. Maus further argued that Rule 90.3's in-kind support calculations presumed that the parents live separately, increasing the costs to support the child, meaning that giving this

---

[4]    Alaska R. Civ. P. 90.3(a)(1)(C)-(D).

deduction to Mann — who was raising a child in a home with both parents — would be an unfair windfall. Maus conceded that a reduced deduction for Mann was "plausible" but emphasized that the Rule did not apply to his situation. Finally, Maus argued that Mann did not provide any evidence that the amount of support calculated by Maus "would in fact result in a hardship or otherwise prejudice [Mann]."

The court adopted Maus's proposed calculations without any changes and issued an interim award and a final award. The interim award used the gross annual income listed on Mann's W-2s, with a deduction for federal taxes only. The final award appears to average weekly gross income from the four pay stubs submitted by Mann, multiplied by 52 (for 52 weeks in the year) and divided by 12 (to calculate the monthly salary). The final award deducted federal taxes and $40 per month for union dues from Mann's gross income. The court wrote in the final award that it had "considered the parties' arguments in their . . . filings, and finds the reasoning stated in Ms. Maus' October 29 reply to be persuasive," but it provided no further response to Mann's objections.

Mann now appeals.

## III. STANDARD OF REVIEW

"We reverse child support awards only if the superior court abused its discretion or applied an incorrect legal standard."[5] An abuse of discretion exists "when the decision on review is manifestly unreasonable."[6] "Whether the superior court applied the correct legal standard to its child support determination" and "[t]he proper

---

[5] *Koller v. Reft*, 71 P.3d 800, 804 (Alaska 2003) (citing *Beaudoin v. Beaudoin*, 24 P.3d 523, 526 (Alaska 2001)).

[6] *Mitchell v. Mitchell*, 370 P.3d 1070, 1076 (Alaska 2016).

method of calculating child support" are questions of law that we review de novo.[7] Likewise, "[t]he interpretation of Alaska Civil Rules governing child support orders is reviewed de novo; we will adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[8]

## IV. DISCUSSION

### A. Allowing Mann No Deduction Based On His In-Kind Support For His Older Child Was An Abuse Of Discretion.

When one parent is awarded primary physical custody, the child support award is to be "calculated as an amount equal to the adjusted annual income of the non-custodial parent" multiplied by a specified formula.[9] Adjusted annual income is defined as a parent's "total income from all sources minus" specified deductions.[10] The listed deductions include "in-kind support for prior children in the primary or shared physical custody of the parent."[11]

Mann argued in the superior court that he was entitled to this deduction for his in-kind support of his older child, who lives in Mann's home (along with the child's mother) 100% of the time. Maus disagreed, arguing that Mann did not have "primary or shared physical custody" of the older child as defined in the Rule and that allowing this deduction would be unfairly beneficial to Mann. The superior court denied the deduction, stating only that it found Maus's arguments persuasive. Mann challenges this ruling on appeal.

---

[7] *Wyman v. Whitson*, 421 P.3d 99, 101 (Alaska 2018) (quoting *Limeres v. Limeres*, 320 P.3d 291, 295 (Alaska 2014)); *Faulkner v. Goldfuss*, 46 P.3d 993, 996 (Alaska 2002).

[8] *J.L.P. v. V.L.A.*, 30 P.3d 590, 594 (Alaska 2001).

[9] Alaska R. Civ. P. 90.3(a).

[10] *See* Alaska R. Civ. P. 90.3(a)(1)(A)-(F).

[11] Alaska R. Civ. P. 90.3(a)(1)(D).

The superior court correctly concluded that Mann does not qualify for a deduction under the express terms of the Rule because he does not have "primary" or "shared" physical custody according to the Rule's definitions.[12] "Primary physical custody" means that the child resides with "the other parent for a period specified in the custody order of less than 30 percent of the year."[13] Because there is no evidence of a custody order and because the older child's mother does not have physical custody less than 30 percent of the time Mann does not have "primary physical custody" of the older child.[14] "Shared physical custody" means that the child resides with the parent "for a period specified in writing in the custody order of at least 30, but no more than 70, percent of the year."[15] Because there is no evidence of a custody order and because the older child resides with Mann for more than 70 percent of the year, Mann also does not have "shared physical custody" of the older child. Therefore Mann is not entitled to a

---

[12] The other custody arrangements defined in the Rule — "divided" and "hybrid" custody — similarly do not cover Mann's intact family situation. Alaska R. Civ. P. 90.3(f)(3) (divided custody means that "one parent has primary physical custody of one or more children of the relationship and the other parent has primary custody of one or more other children of the relationship, and the parents do not share physical custody of any of their children"); Alaska R. Civ. P. 90.3(f)(4) (hybrid physical custody means that "at least one parent has primary physical custody of one or more children of the relationship, and the parents have shared physical custody of at least one child of the relationship").

[13] Alaska R. Civ. P. 90.3(f)(2).

[14] Physical custody is generally calculated by counting the number of full days a child stays with a parent. Alaska R. Civ. P. 90.3 cmt. V.A. This framework breaks down when applied to families where the parents live together, because it would give each parent 100% custody. *See also State, Child Support Enf't Div. v. Bromley*, 987 P.2d 183, 194 (Alaska 1999) (noting that commentary to Rule 90.3 is persuasive authority).

[15] Alaska R. Civ. P. 90.3(f)(1).

deduction for in-kind support of his older child according to the terms of Rule 90.3(a)(1)(D).

However, it was an abuse of discretion to deny Mann a variance based on his in-kind support of the older child. Rule 90.3(c)(1) allows the superior court to vary the amount of support "for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied."[16] Mann did not cite the specific subsection of the Rule allowing for a variance or use the phrase "manifest injustice," but his written objections were sufficient to raise the point in light of his self-represented status.[17] And Maus herself appeared to recognize that Mann may have been asking for a variance and, citing Rule 90.3(c)(1), argued why he was not entitled to one. Moreover, the Rule's commentary explains that support for prior children that does not qualify for a reduction under subsection (a)(1)(D) may be considered under subsection (c).[18] Therefore the issue was raised for the court's consideration.

Mann presented sufficient evidence in the superior court to make a threshold showing of manifest injustice. There was no dispute in the superior court that

---

[16] Alaska R. Civ. P. 90.3(c)(1).

[17] *See Leahy v. Conant*, 447 P.3d 737, 742-43 (Alaska 2019) ("[S]o long as the essence of the self-represented litigant's argument can be easily discerned from the briefing, and the opposing party would not be prejudiced by its consideration, it should be considered." (quoting *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009))); *see also Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) (explaining we "consider [self-represented] pleadings liberally in an effort to determine what legal claims have been raised" (quoting *Toliver v. Alaska State Comm'n for Hum. Rts.*, 279 P.3d 619, 622 (Alaska 2012))).

[18] Alaska R. Civ. P. 90.3 cmt. III.D.2 (explaining that support for prior children is deductible if it is required by court or administrative order but that "[s]upport [that is] paid voluntarily without a court or administrative order may be considered under Rule 90.3(c)").

Mann lives in a household with the older child 100% of the time and therefore provides in-kind support to a prior child.[19] The Rule's commentary emphasizes that the "primary purpose of Rule 90.3 is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of parents to pay."[20] The Rule's deduction for support of prior children acknowledges that a parent's obligation to prior children affects the parent's ability to support subsequent children and reduces the support amount for subsequent children accordingly. Mann's situation implicates the policy and spirit of the Rule, even if it does not fall within the text.

Although Maus argued in the superior court that granting the obligor a deduction for in-kind support of a prior child in an "intact" family would result in a windfall for the obligor, that is not obviously the case. The Rule provides alternative formulas for calculating the deduction depending on whether the obligor has primary physical custody or shared physical custody of the prior child.[21] Maus argued in the superior court that because the Rule contemplates that "each parent will have to provide housing for the children," the child-rearing costs on which the Rule's formulas for support "are double what they would be if the family was intact." But the assumption that each parent will bear the cost of housing the child applies only to shared custody.[22]

---

[19] *See Christopher D. v. Krislyn D.*, 426 P.3d 1118, 1122 (Alaska 2018) (party seeking variance bears the "burden to demonstrate good cause" for variance).

[20] Alaska R. Civ. P. 90.3 cmt. I.B; *see also State, Child Support Enf't Div. v. Bromley*, 987 P.2d 183, 194 (Alaska 1999) (noting that commentary to Rule 90.3 is persuasive authority).

[21] *Compare* Alaska R. Civ. P. 90.3(a)(1)(D)(i) (primary physical custody), *with* Alaska R. Civ. P. 90.3(a)(1)(D)(ii) (shared physical custody).

[22] *See* Alaska R. Civ. P. 90.3 cmt. V.B (explaining that the "second premise" of the shared custody child support calculation is that "the total funds necessary to support children will be substantially greater when custody is shared," because "each parent will have to provide housing for the children").

As the Rule's commentary explains, the shared custody formula works by modifying the primary custody child support formula to account for these extra shelter costs.[23] Conversely, the primary custody child support calculation does not assume that the cost of raising a child is substantially greater for separated parents than for the same parents raising the child together.[24] Accordingly, Maus's argument proceeded from a false premise.

Second, Rule 90.3 authorizes a deduction to an obligor parent in financial circumstances more advantageous than Mann's. For example, if Mann and the older child lived separately from the older child's mother but moved in with a new partner who contributed to the household, Mann would be entitled: (1) to receive support payments from the older child's mother; (2) to benefit from the partner's contributions to the shared household with the older child (i.e., enjoying the efficiencies of an "intact" household); and (3) to claim the in-kind support deduction (calculated according to the primary custody formula) for his expenditures on the older child.[25] This example undercuts the suggestion that allowing Mann a deduction using the primary custody formula would result in a windfall.

---

[23] *Id.* (noting that the shared custody formula modifies the primary custody formula "to reflect these increased shared custody costs"); Alaska R. Civ. P. 90.3(b)(1)(C) (implementing this comment).

[24] *See* Alaska R. Civ. P. 90.3 cmt. II (stating the Alaska's child support formula "should result in a noncustodial parent paying approximately what the parent would have spent on the children if the family was intact" and the custodial parent "contribut[ing] at least the same percentage of income to support the children" ); *cf. id.* at IV.B (non-primary parent who exercises extended visitation receives up to 75% credit against their child support payments, because primary parent "will have somewhat lower expenses during the extended visitation even though that parent's fixed costs such as housing will not decrease").

[25] *See* Alaska R. Civ. P. 90.3 cmt. VI.B.5 ("The income of a new spouse of either the custodial or obligor parent normally will not justify a variation in support.").

Finally, Maus argued in the superior court that Mann failed to show that allowing a deduction would serve the younger child's best interests and failed to produce evidence, such as the older child's mother's income, showing that manifest injustice would result absent a deduction.[26] These arguments are unavailing too. The deduction for support of prior children never benefits subsequent children for whom support is owed; however, the Rule allows this deduction to protect the prior child and the obligor parent's ability to pay. Thus failing to show how allowing a deduction would benefit the subsequent child is not justification for denying one. As for the older child's mother's income, it would be irrelevant in determining the amount of the deduction under subsection (a)(1)(D) if Mann's custody of the older child qualified as "primary physical custody": the commentary explains that "the deduction for in-kind support of prior children is not reduced by child support received from the other parent."[27] Therefore the absence of information about the older child's mother's income was not sufficient reason to deny Mann any deduction under subsection (c)(1).

We remand this case to the superior court to consider a variance that accounts for Mann's in-kind support of the older child. We do not hold that the superior court *must* award Mann the full deduction to which he would be entitled under subsection (a)(1)(D) if he exercised "primary physical custody;" the superior court is in the best position to determine whether a different formula would best effectuate the policy behind the deduction in Mann's unique situation. But allowing no adjustment to Mann's support obligation in light of his in-kind support for the older child was an abuse of discretion.

---

[26] Alaska R. Civ. P. 90.3(c)(1) (providing that superior court may vary award upon showing that "manifest injustice" would result absent variance).

[27] Alaska R. Civ. P. 90.3 cmt. III.D.3.

B. **Not Considering Mann's Objections To The Allocation Of Travel Expenses Was Error.**

Rule 90.3(g) requires courts to "allocate reasonable travel expenses which are necessary to exercise visitation between the parties as may be just and proper for them to contribute." The superior court ordered Mann to pay for all of his travel expenses for visitation because Mann had previously agreed to do so in the custody settlement agreement. Mann objected to the court's allocation of travel expenses and argued that the child support as calculated "would hinder [his] ability to conduct [his] visits to [and] from [the younger child]."[28] The superior court did not explicitly address this objection.

Mann now appeals, arguing that the court erred by (1) not addressing his objection and (2) not allocating travel expenses between the two parties. We agree with Mann's first argument and remand for the superior court to consider Mann's second argument.

We have previously explained that the allocation of travel expenses should occur only "after calculating the child support award under Civil Rule 90.3 . . . and considering the totality of the child support payments and the parties' respective financial positions."[29]

Here the parties initially agreed that Mann would bear all travel costs. Therefore the superior court did not err by departing from the standard procedure and

---

[28]  In the superior court, Mann also claimed he was entitled to a deduction, but Rule 90.3 does not authorize a deduction for travel expenses. Alaska R. Civ. P. 90.3(a)(1). Instead, travel expenses are separately considered after determining support payments. Alaska R. Civ. P. 90.3(g).

[29]  *Skinner v. Hagberg*, 183 P.3d 486, 492 (Alaska 2008); Alaska R. Civ. P. 90.3(g).

allocating travel expenses before receiving Mann's financial information and calculating child support.

But once Mann objected to the travel expense allocation, the superior court was obliged to address the objection. Mann's objection was functionally a motion for relief from the recently adopted settlement due to mistake — Mann agreed to bear the full costs of travel before he knew the costs of child support, and upon learning that child support would be substantially higher than he expected, he sought to withdraw from this aspect of the agreement.[30] Although he did not frame his objection this way, the superior court had a duty to consider the substance of the objection within the correct procedural framework.[31]

The superior court failed to do so. The court stated only that it "considered the parties' arguments in their . . . filings, and finds the reasoning stated in [Maus's] reply to be persuasive." But Maus's reply did not address Mann's travel expenses objection whatsoever. The court's oversight was error.

On remand the superior court should consider Mann's motion for relief from the court's allocation of travel expenses.

### C.    We Affirm The Deduction For Union Dues In The Final Support Order And Remand The Interim Order For Further Consideration.

Rule 90.3(a) instructs courts to deduct "mandatory union dues" from the parent's total income to calculate adjusted income. Mann argues that the superior court erred by failing to deduct his mandatory union dues from the interim and final child support orders.

---

[30]    Alaska R. Civ. P. 60(b)(1).

[31]    *See Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of [self-represented] litigants should be held to less stringent standards than those of lawyers. . . . Likewise, . . . the trial judge should inform a [self-represented] litigant of the proper procedure for the action he or she is obviously attempting to accomplish . . . .").

With respect to the final order, Mann's argument is misplaced because the court did deduct Mann's mandatory union dues. This deduction was proper because it was supported by two affidavits in which Mann swore that he paid union dues.

With respect to the interim order, the record is more muddled. The superior court did not deduct union dues from the interim order. Mann's form affidavits do not assert that Mann paid union dues for these jobs. Instead, they assert that he paid an "employment security tax." This may have been a mistake: the line for this deduction is directly above the line for the union dues deduction. It is the burden of the parent claiming a deduction to provide evidence to support it.[32] But because we are already remanding this case, we direct the superior court to determine whether Mann paid union dues in the time period covered by the interim order.

**D.    Using Support Calculations Proposed By Opposing Counsel Was Not Error.**

Mann argues that the superior court erred by incorporating Maus's calculations into its orders without "checking to ensure her calculations were factually accurate, resulting in an unfair judgment."

The superior court's actions were not error. Absent evidence to the contrary, we presume that the superior court independently performed the calculations required by Rule 90.3 and only adopted Maus's calculations after verifying they were correct.[33] Mann does not present any evidence to the contrary. He also does not identify any specific errors in the court's or Maus's calculations. In these circumstances, we

---

[32]    Alaska R. Civ. P. 90.3 cmt. III.D.

[33]    *See United States v. Manthei's Bondsmen*, No. 908 (Alaska Dist. Ct., 2d. Div., July 12, 1905) ("When the jurisdiction of a competent court has attached, every act is presumed to have been rightly done until the contrary appears."); *see also Brigman v. State*, 64 P.3d 152, 158 n.7 (Alaska App. 2003) (collecting cases applying the presumption of regularity).

see no error in the superior court incorporating a party's calculations into an order instead of independently recreating them in the order.

Further, the court's calculations appear reasonable. "In determining earning capacity under Alaska Civil Rule 90.3, a trial court has the discretion to choose 'the best indicator of . . . future earning capacity' based on the evidence before it."[34] The interim award used the income information in Mann's W-2 forms. The final award appears to have averaged Mann's weekly gross income from all four submitted pay stubs from his current job in order to calculate gross annual salary. These were reasonable methods of determining Mann's future earnings capacity. The superior court therefore did not abuse its discretion in adopting these calculations.

## V.    CONCLUSION

We VACATE the interim and final child support orders and REMAND for further proceedings consistent with this opinion.

---

[34]    *Koller v. Reft*, 71 P.3d 800, 805 (Alaska 2003) (quoting *Virgin v. Virgin*, 990 P.2d 1040, 1049 (Alaska 1999)).