NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| GERTRUDE DITSWORTH, | ) | |
| | ) | Supreme Court No. S-17962 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-19-01872 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF REVENUE, CHILD SUPPORT | ) | |
| SERVICES DIVISION, | ) | No. 1928 – November 9, 2022 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Deborah Burlinski, Burlinski Law Office LLC, Palmer, for Appellant. Jonathan P. Clement, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Henderson, Justices. [Borghesan, Justice, not participating.] Carney, Justice, concurring.

## I. INTRODUCTION

A child support obligor appeals a superior court decision affirming an administrative decision regarding arrears accrued over some four decades. The obligor

---

\* Entered under Alaska Appellate Rule 214.

argues that the State of Alaska, Department of Revenue, Child Support Services Division (CSSD) miscalculated her child support obligations.[1]  We agree with the obligor and remand to the superior court to remand to CSSD to calculate the obligor's arrears based on the controlling 1978 child support order.

## II.   FACTS AND PROCEEDINGS

### A.   Facts

Gertrude Ditsworth and Wayne Weihing divorced in Ketchikan in 1971. Ditsworth was later ordered to pay child support for their three then-minor children.

#### 1.   1978 child support order and age-out clause

In a December 1978 child support order the Ketchikan superior court memorialized the following payment schedule:

> Ditsworth is hereby ordered to pay the amount of  $250.00 per month, as child support herein.  *The amount of child support shall be reduced in the amount of $75.00 per month for the first child who reaches the age of majority . . . , $75.00 per month for the second child who reaches the age of majority . . . and $100.00 per month for the third child to reach the age of majority . . . .* (Emphasis added.)

We refer to the italicized sentence as the "age-out clause."  With the 1978 age-out clause in effect, Ditsworth's $250 monthly child support obligation would be reduced to $175 after the first child reached the age of majority in February 1981, reduced to $100 after the second child reached the age of majority in March 1982, and end after the third child reached the age of majority in June 1985.

---

[1]      In 2004 the Child Support Enforcement Division changed its name to the Child Support Services Division.  Ch. 107, § 1, SLA 2004.  Although known as the Child Support Enforcement Division for a part of this case's history, we refer to it as CSSD for simplicity.  CSSD is authorized under AS 25.27.020(a)(4) to "establish, enforce, and administer child support obligations administratively."

## 2. 1979 judgment for arrears

By February 1979 Ditsworth had fallen behind on her child support payments; in June CSSD filed two motions in the same proceeding as the 1978 order and with the same judge. CSSD's first motion asked the court to modify the 1978 order "to provide that child support payments ordered therein shall hereafter be made to [CSSD]" rather than to Weihing.[2] CSSD requested no change in the payment amount or structure, only a change in the payee. CSSD's second motion asked the court to determine Ditsworth's then-existing arrears and reduce her debt to judgment. There again was no request for any change in the payment amount or structure.

CSSD submitted an affidavit from Weihing supporting the motions, prepared on a CSSD fill-in-the-blank form and purporting to reflect the 1978 order but not mentioning the age-out clause. The affidavit stated in relevant part (with underlined text entered into blanks on CSSD's form and strikeouts shown): "[B]y the decree and order entered herein on December 12, 1978, the Obligor was ordered to pay $250.00 per month per child directly to me as and for the support of 3 minor children . . . ." The form had no option to explain more complex arrangements like the age-out clause. Weihing asked for "a judgment on [Ditsworth's] arrearages and for [CSSD] to collect said arrearages." Like CSSD, Weihing requested no modification of the child support payment amount or structure.

Ditsworth was three months behind in her payments; her eldest child then was 16, not yet triggering the age-out clause, and she owed $750. CSSD lodged a judgment including language directing Ditsworth to make her support payments to CSSD, setting the principal balance due at $750, and requiring her to make continuing

---

[2]    *See* AS 47.23.080 (1977) (providing child support order "shall be modified to order payments be made to [CSSD] upon application"); ch. 126, § 23, SLA 1977. Today this language can be found in AS 25.27.080.

support payments (with underlined text entered into blanks on CSSD's form and strikeouts shown) "in the amount of $250.00 ~~per child~~ per month for a total of $250.00 per month for the support of the below named minor child(ren)." Unlike the 1978 child support order, which specifically referred to Ditsworth, Weihing, their three children, and the age-out clause, CSSD's 1979 form judgment, like Weihing's supporting affidavit, had no explanation of the age-out clause. The superior court granted CSSD's motions by signing the lodged judgment.

### 3. 1981-83 arrears action

In December 1981 CSSD again sought to reduce Ditsworth's arrears to judgment. CSSD filed the request in Anchorage superior court rather than in Ketchikan; it again submitted a fill-in-the-blank affidavit, although from a CSSD employee rather than Weihing. The affidavit, referring specifically to the 1978 order as the source of Ditsworth's $250 monthly obligation, failed to reference the age-out clause. According to CSSD, Ditsworth then owed roughly $8,700. CSSD asked the court to assign $350 of Ditsworth's monthly income as support payments: $250 for ongoing payments and $100 for arrears. The memorandum and fill-in-the-blank affidavit accompanying the wage assignment motion also unequivocally referenced the 1978 order but failed to reference the age-out clause. The court granted CSSD's motions in February 1982, also referencing the 1978 child support order as the source of Ditsworth's payment obligation, and entered a roughly $8,700 judgment against Ditsworth.

In May Ditsworth sought to modify the judgment and the wage assignment order. She requested a retroactive reduction to roughly $4,100 based on her low income, psychiatric problems precluding her from working, and inability to pay for the previous

few years.[3]  She also pointed out that two of her children had turned 18 and that her support payments should have been reduced by $150 ($75 per child) under the 1978 order's age-out clause.  From the record before us, the superior court apparently never ruled on the motions.

### 4.     1992-93 arrears action

In June 1992 CSSD again sought to reduce Ditsworth's arrears to judgment. CSSD filed its request in the Anchorage superior court, basing its calculations on an internal audit conducted using the 1978 child support order and requesting a roughly $13,000 judgment.  The court granted CSSD's motion in August.  But in December CSSD asked the court for relief from the August judgment under Alaska Civil Rules 60(a) and (b)(1),[4] arguing that CSSD accidentally had based its calculations on the 1978 order instead of the 1979 judgment.  CSSD pointed out that the 1979 judgment did not include the age-out clause and asked the court to enter judgment against Ditsworth for roughly $25,000.  In January 1993 the court granted CSSD's request.  Ditsworth contends — and the record supports — that she received the June motion and August order in the mail but that CSSD's December motion was mailed to the wrong address and she had no opportunity to contest it.  The court's 1993 revised judgment apparently was served on Ditsworth, who at that point was self-represented.

### 5.     CSSD audits from 2005-2018

Ditsworth requested CSSD audits and administrative reviews of her arrears, wage garnishments, and federal tax refund attachments at least six times between 2005

---

[3]     *See* Alaska R. Civ. P. 90.3(h)(2) (providing "[c]hild support arrearage may not be modified retroactively, except as allowed" under statute governing disestablishment of paternity).

[4]     *See* Alaska R. Civ. P. 60(a) (allowing courts to correct clerical errors); 60(b)(1) (allowing relief from judgment based on inadvertent error).

and 2018.  Not all CSSD communications during this span referenced the source of Ditsworth's payment obligation, but the ones that did informed her that CSSD was "enforcing" or "enforcing the arrears remaining from" the 1978 order.

B.    Current Proceedings

CSSD sent Ditsworth two identical notices dated May 11, 2019 stating that she owed roughly $12,000 in past-due child support and that her arrears would be referred for collection from her federal tax refund or by administrative offset.[5]  Ditsworth responded promptly to the notices, indicating that CSSD had the amount incorrect.

In June CSSD mailed Ditsworth a decision stating that it had conducted an administrative review and that she owed roughly $17,000, an increase of almost $5,000 over the amount its May letters alleged.  CSSD offered no explanation for the increase. The June decision noted that no administrative appeal was available and that Ditsworth could appeal directly to the superior court, which she did.

The superior court reviewed CSSD's June administrative decision for abuse of discretion[6] and concluded that CSSD had not abused its discretion by relying on the 1993 amended judgment and the 1979 judgment rather than the 1978 child support order. The superior court declined to decide whether CSSD's calculations were correct.  CSSD argued, as it does on appeal, that res judicata bars Ditsworth's challenge.  Ditsworth argued that res judicata should not apply in child support cases, citing our *Mitchell v. Mitchell* decision that child support modification motions do not represent new actions

---

[5]    *See* 42 U.S.C. § 664 (governing collection of child support arrears from federal tax offsets); 31 U.S.C. § 3716 (governing administrative offsets).

[6]    *See McDonald v. Trihub*, 173 P.3d 416, 423 n.21 (Alaska 2007) ("AS 25.27.220 . . . provides for appellate review of CSSD decisions, allows for judicial inquiry into whether there was a prejudicial abuse of discretion, and also provides that the superior court may exercise its independent judgment on the evidence, augment the agency record in whole or in part, or hold a hearing de novo.").

and therefore do not implicate res judicata.[7] The superior court noted that Ditsworth's challenge *is* a new case — an administrative appeal, not a child support modification motion — and the court therefore did not credit her argument. But the court also did not credit CSSD's argument that res judicata applied. The court framed the issue as whether CSSD had abused its discretion by relying on the 1993 judgment, which increased Ditsworth's arrears from roughly $13,000 to $25,000, and the court concluded that there was no abuse of discretion. The court concluded that because Ditsworth "failed to appeal this 1993 Order, arguments about its impropriety" were inappropriate.

## III. STANDARD OF REVIEW

The standard for judicial review of a CSSD decision is set out in AS 25.27.220(b): "Inquiry in an appeal extends to the following questions: (1) whether the agency has proceeded without or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion." "[T]he proper method of calculating child support . . . is a question of law, reviewed de novo."[8]

## IV. DISCUSSION

Ditsworth contends that the superior court erred by failing to enforce the original child support payment agreement between her and Weihing, including the age-out clause, set out in the 1978 child support order.[9] CSSD contends that the court's 1979

---

[7] 370 P.3d 1070, 1077 (Alaska 2016).

[8] *Spott v. Spott*, 17 P.3d 52, 55 (Alaska 2001).

[9] *See Lewis v. Lewis*, 285 P.3d 273, 275 (Alaska 2012) (explaining that if parties agree to be bound by an agreement, then original "agreement controls if it is otherwise enforceable").

order, excluding the age-out clause, superseded the 1978 order and that all subsequent calculations for Ditsworth's child support obligation should be based on the 1979 order.[10]

A court cannot retroactively modify a support order absent special circumstances.[11] But a child support order may be modified based on a material change in circumstances.[12] And when CSSD seeks to enforce a child support order, it may ask a court to modify the order to direct payments directly to the agency.[13] When modifying a support order, the court's factual findings must be adequate for appellate review.[14] We review the court's modification of a support order for abuse of discretion.[15]

In December 1978 the superior court ordered Ditsworth to pay $250 monthly for child support, reduced as each child reached the age of majority; first to $175, then to $100, and then to $0. When Ditsworth fell behind on her payments, CSSD invoked what was then AS 47.23.080 (1977) and asked the court to make CSSD the payee for her payments and to reduce her arrears to judgment. In June 1979 the superior

---

[10]     *See Wall v. Stinson*, 983 P.2d 736, 740 (Alaska 1999) (noting bar against relitigating issues decided on merits in a prior proceeding).

[11]     *Teseniar v. Spicer*, 74 P.3d 910, 915 (Alaska 2003) (explaining limited circumstances under which retroactive modification is statutorily permitted).

[12]     Alaska R. Civ. P. 90.3(h)(1) ("A final child support award may be modified upon a showing of a material change of circumstances as provided by state law.").

[13]     AS 25.27.080(e) (providing that in enforcement action child support order "shall be modified to order payments be made to [CSSD] upon application"). When the 1978 and 1979 orders at issue were entered in Ditsworth's case, a substantially similar statute, AS 47.23.080 (1977), applied. *See* ch. 126, § 23, SLA 1977.

[14]     *Petrilla v. Petrilla*, 305 P.3d 302, 307 (Alaska 2013) ("We have held on many occasions that the trial court must provide sufficient factual findings to enable appellate review.").

[15]     *Dunn v. Jones*, 451 P.3d 375, 378 (Alaska 2019).

court entered an order, lodged by CSSD, changing the payee and entering judgment for arrears but failing to include the 1978 order's age-out clause.

CSSD's present contention is that the 1979 order superseded the original 1978 order. But in 1981, when CSSD again sought to reduce Ditsworth's arrears to judgment, it relied on the 1978 order. CSSD did not contradict Ditsworth when she pointed out that by then two of her children had reached the age of majority, reducing her monthly obligation under the age-out clause. From the record before us, the superior court apparently never ruled on the issue. And in 1992, when CSSD again sought to reduce Ditsworth's arrears to judgment, it relied on the 1978 order. CSSD later asked for relief to increase the arrears amount by relying on the 1979 order when it sought the 1993 amended judgment. The record reflects that Ditsworth may have been unaware of this request to rely on the 1979 order due to CSSD mailing notice to an incorrect address. CSSD continued to refer to the 1978 order in subsequent administrative decisions.

The only valid modification request reflected in the record is in CSSD's motions asking to change the payee and reduce the then-current arrears to judgment in 1979. CSSD's brief motions invoked only AS 47.23.080 (1977), requiring courts to "modif[y]" child support orders by directing payments directly to CSSD in an enforcement action. CSSD alleged no material change in circumstances.[16] CSSD thus failed to establish grounds for modifying the original support order beyond changing the payee, even had it requested that the age-out provision be omitted.[17]

The superior court's 1979 order granting CSSD's motions made no findings about changing any of the child support agreement's terms. Even if the court had

---

[16]     *See* Alaska R. Civ. P. 90.3(h)(1).

[17]     *Cf. Dunn*, 451 P.3d at 379-80, 382 (remanding for new child support calculation because superior court failed to comply with Rule 90.3(a) before deciding obligor had not demonstrated material change in circumstances).

intended to modify or supersede its 1978 order, it failed to include factual findings adequate for appellate review supporting the age-out clause being omitted.[18] The court's 1979 order thus was insufficient to modify the original support order, and the 1993 amended judgment, at CSSD's urging, merely relied on the mistaken 1979 order.

Nothing in the record reflects any valid request for child support modification specifically to omit the agreed-upon age-out clause. Nor does the record reflect that the superior court entered any order expressly modifying Ditsworth's obligation. The record instead reflects that CSSD made clerical errors[19] that were unwittingly accepted by the superior court in two judgments.[20] And the record reflects that the 1978 child support order, including the age-out clause, was modified only to change the payee and that its original terms remain in effect. CSSD did not comply with the law's requirements for child support modification; its reliance on the 1979 order and 1993 amended judgment thus was manifestly unreasonable and an abuse of discretion.[21] CSSD must recalculate Ditsworth's obligation based on the valid original order.

---

[18]     *See Teseniar v. Spicer*, 74 P.3d 910, 915 (Alaska 2003); *Petrilla*, 305 P.3d at 307.

[19]     *See* AS 25.27.195(a) ("A clerical mistake in an administrative order issued by the agency or an error arising from an oversight or omission by the agency may be corrected by the agency at any time.").

[20]     *See* Alaska R. Civ. P. 60(a) ("Clerical mistakes in judgments, orders, or . . . the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . .").

[21]     *See* AS 25.27.220(b) ("Abuse of discretion is established if the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.").

**V.     CONCLUSION**

We REVERSE the superior court's decision affirming CSSD's administrative decision and REMAND for the court to REMAND for CSSD to correct its calculation by applying the valid 1978 child support order and its age-out provision.

CARNEY, Justice, concurring.

I agree with the court that the decision affirming CSSD's administrative decision must be reversed and remanded for proper calculation of Ditsworth's arrears, as required by the controlling 1978 order. I write separately to highlight the danger of relying upon cryptic pre-printed forms generated by the agency to the disadvantage of parties adverse to the agency. I also write to express my dismay at CSSD's arbitrary and apparently punitive behavior toward Ditsworth over the nearly 45 years this case has continued.

As the court points out, CSSD provided "fill-in-the-blank" forms with no space for explanation or clarification of individualized terms for both the obligor and to the superior court to use.[1] CSSD also filed a similar form. These forms led to ambiguity about the amount of Ditsworth's child support obligation by omitting the "age-out clause" that reduced her monthly obligation as her children reached majority. This ambiguity could – and should – have been clarified by review of the 1978 order on which CSSD claimed it was relying in 1979, 1981, and its initial 1992 motions to reduce Ditsworth's arrears to judgment.

Instead of correcting the ambiguity that its forms had generated, in 1992 CSSD urged the court to rely upon the 1979 order that omitted the age-out clause. As a result of its decision to ignore the controlling 1978 order, CSSD took the position that Ditsworth owed even more in child support payments than it had requested in its initial 1992 filing. From that time forward CSSD took such inconsistent and unexplained positions that its behavior was at least arbitrary if not unfairly punitive.

From 2005 through 2018 Ditsworth repeatedly requested administrative reviews and reductions of her arrears and related garnishment and attachments. In

---

[1]     *See* Opinion at 3 - 5.

response to some, but not all, of her requests CSSD asserted that it was "enforcing" the 1978 order. In 2019, after Ditsworth responded to a CSSD notice by alleging CSSD had incorrectly computed the amount of her arrears, CSSD *increased* the amount it claimed she owed by $5,000. It provided no explanation of any kind for its action.

In its brief to us, CSSD now argues that we should conclude that the 1979 order superseded the original 1978 one — despite its failure at any time throughout this litigation to request a modification of the 1978 order. The court concludes that CSSD's reliance on the 1979 order "was manifestly unreasonable and an abuse of discretion." In my opinion, so, too, was CSSD's treatment of Ditsworth.